UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT T. MILLER

                    Plaintiff,

            - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER LUIS MARTINEZ, NEW YORK CITY POLICE
OFFICER RICHARD ORTIZ, NEW YORK CITY POLICE
OFFICER TARRELL JEFFERSON, NEW YORK CITY
POLICE OFFICER TARRELL WINFIELD,

                    Defendants.
------------------------------------------------------------------X

CV NO.: 14-1145

**SECOND
AMENDED
COMPLAINT
WITH JURY
DEMAND**

Plaintiff, VINCENT T. MILLER, in the above-captioned action, by his attorney, DANIEL JUSTUS SOLINSKY, ESQ., complaining of the defendants herein, does hereby complain and sets forth and alleges as follows:

## JURISDICTION AND VENUE:

1.      This is a civil action brought pursuant to Title 42 of the United States Code, Sections 1983 and 1985, seeking relief and/or damages to defend and protect the rights guaranteed to the plaintiff by the Constitution and laws of the United States. Accordingly, the jurisdiction of this Court is invoked by plaintiff pursuant to Title 28 of the United States Code, Sections 1331 and 1343, federal common law and the Court's pendent jurisdiction. Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir. 1988).

2.      This Court has supplemental jurisdiction over claims relating to violations of the Constitution and laws of the State of New York, pursuant to Title 28 of the United States Code, Section 1367.

3.     The controversies in this case are justiciable, capable of disposition and plaintiff has a personal stake in the outcome.

4.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Venue is placed in this district, pursuant to 28 U.S.C. 1391, because it is where all of the events complained of occurred.

## JURY DEMAND:

6.     Plaintiff demands a trial by jury on all issues, pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

## NATURE OF THE PROCEEDINGS:

7.     This is an action for compensatory and punitive damages owing to the plaintiff as a result of the acts and/or omissions of the defendants.

## PARTIES:

8.     At all times hereinafter mentioned, PLAINTIFF VINCENT T. MILLER (hereinafter "MILLER") was and remains a citizen of the United States of America, and a resident of the County of Richmond, State of New York, residing at 25 Journeay Street, Staten Island, New York 10303.

9.     Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK ("CITY") was and remains a municipal corporation, incorporated and operating under the laws of the State of New York.

10.    Upon information and belief, at all times hereinafter mentioned, defendant THE NEW YORK CITY POLICE DEPARTMENT ("POLICE DEPARTMENT") was and remains a municipal agency operating under the laws of the State of New York, under the supervision and

control of the defendant CITY. Upon information and belief, the POLICE DEPARTMENT was and is the principal law enforcement agency for the CITY.

11.     Upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT OFFICER TARRELL JEFFERSON, SHIELD NUMBER 20038 (hereinafter referred to as "OFFICER JEFFERSON" or "JEFFERSON"), is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, OFFICER JEFFERSON was, upon information and belief, a Police Officer duly employed by the CITY and/or POLICE DEPARTMENT. Additionally, at all times relevant to this action, OFFICER JEFFERSON was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT. OFFICER JEFFERSON is being sued individually and in his official capacity.

12.     Upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT OFFICER TARRELL WINFIELD, SHIELD NUMBER 20038 (hereinafter referred to as "OFFICER WINFIELD" or "WINFIELD"), is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, OFFICER WINFIELD was, upon information and belief, a Police Officer duly employed by the CITY and/or POLICE DEPARTMENT. Additionally, at all times relevant to this action, OFFICER WINFIELD was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT. OFFICER WINFIELD is being sued individually and in his official capacity.

13.     Upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT OFFICER LUIS MARTINEZ, SHIELD NUMBER 25637 (hereinafter referred to as "OFFICER MARTINEZ" or "MARTINEZ"), is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, OFFICER MARTINEZ was, upon information and belief, a Police Officer duly employed by the CITY and/or POLICE DEPARTMENT. Additionally, at all times relevant to this action, OFFICER MARTINEZ was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT. OFFICER MARTINEZ is being sued individually and in his official capacity.

14.     Upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT OFFICER RICHARD ORTIZ, SHELD NUMBER 17669 (hereinafter referred to as "OFFICER ORTIZ" or "ORTIZ"), is a party to this action individually and in his capacity as an agent of the CITY and/or the POLICE DEPARTMENT. At all times relevant to this action, OFFICER ORTIZ was, upon information and belief, a Police Officer duly employed by the CITY and/or POLICE DEPARTMENT. Additionally, at all times relevant to this action, OFFICER ORTIZ was acting and/or holding himself out as acting within the scope of his employment with the CITY and/or the POLICE DEPARTMENT. OFFICER ORTIZ is being sued individually and in his official capacity.

## RIGHTS:

15.     Plaintiff has a right to be free from illegal searches and seizures of his person; a right to be free from unlawful arrest, detention, and imprisonment; a right to equal protection of

4

the laws; civil rights secured to plaintiff by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and by Title 42 of the United States Code, Section 1983, as well as the Constitution and laws of the State of New York.

## DUTIES:

16.     Upon information and belief, at all times hereinafter mentioned, defendant POLICE DEPARTMENT had and still has full power and authority to provide initial and ongoing training, and to supervise and control the conduct and action of police officers employed by it and/or defendant CITY, in the exercise of police functions.

17.     Upon information and belief, at all times hereinafter mentioned, it was and remains the duty and special duty of the defendant POLICE DEPARTMENT, owed to plaintiff, to monitor, supervise, and control the conduct and actions of the aforesaid police officers employed by it and/or defendant CITY, in the exercise of police functions.

18.     Upon information and belief, at all times hereinafter mentioned, defendant CITY had and still has full power and authority to provide initial and ongoing training and to supervise and control the conduct and actions of the aforesaid police officers employed by it and/or defendant POLICE DEPARTMENT, in the exercise of police functions.

19.     Upon information and belief, at all times hereinafter mentioned, it was and remains the duty of defendant(s) OFFICERS MARTINEZ, JEFFERSON, WINFIELD and ORTIZ, owed to plaintiff, to carry out his official police duties in a manner that is consistent with the Constitution and laws of New York State and the United States of America.

20.     At all times relevant herein, it is alleged that all defendants breached these duties owed to plaintiff.

## ALLEGATIONS:

21.     On November 12, 2012, at approximately 12:00 a.m., MILLER was lawfully operating his motor vehicle near the intersection of Forest Avenue and Willow Road West, Staten Island, County of Richmond, New York. MILLER was traveling with his brother from MILLER's residence towards a destination in Brooklyn, New York. MILLER had just pulled out of a driveway when Defendant POLICE OFFICERS undertook a vehicle and traffic stop, in an unmarked police vehicle. MILLER complied by pulling over on Willow Road. The POLICE OFFICERS approached MILLER's vehicle with his weapon drawn and then ordered MILLER to get of his vehicle. The OFFICERS grabbed MILLER by the belt loop of his jeans and dragged him to the trunk of MILLER's car, slamming him against it. MILLER remained against the trunk of his car while a second POLICE OFFICER kept watch over MILLER and MILLER's brother.

22.     Without asking for permission and without any consent from MILLER, the POLICE OFFICER conducted an illegal search of MILLER's vehicle. The POLICE OFFICER retrieved a pocket utility knife from the bottom of MILLER's center console. The POLICE OFFICER then arrested MILLER and placed him in the back of the aforementioned unmarked police vehicle. When MILLER inquired as to why he was being arrested, the arresting POLICE OFFICER said, "don't worry about it." Thereafter MILLER was taken to the police precinct where he remained in custody for approximately three hours. Eventually, MILLER was issued a desk appearance ticket and released.

23.     MILLER was charged with a violation of New York Penal Law § 265.01(1), "Criminal Possession of a Weapon in the 4th Degree" for his alleged possession a "gravity knife." However, the District Attorney dismissed the charges against MILLER upon motion on March 2, 2012, because the pocket utility knife recovered from his vehicle was not in fact an illegal "gravity knife."

24.     As a result of the Defendant POLICE OFFICERS' improper and illegal conduct, MILLER was humiliated and embarrassed in front of his brother and publically.

25.     MILLER was arrested without probable cause.

26.     MILLER's person and car were illegally searched.

27.     MILLER was held in custody with his hands in handcuffs behind his back in the back seat of an unmarked police vehicle and detained in a holding cell at the POLICE DEPARTMENT prior to being allowed to return to his home.

28.     MILLER was subjected to verbal and physical abuse and intimidation from POLICE OFFICERS.

29.     MILLER was suspended without pay from his two professions: one as a paraprofessional in the New York City Board of Education, and the other as an employee for the New York City Department of Youth & Community Development's Beacon program.

30.     Due to the actions of one or more of the defendants, plaintiff suffered physical, emotional, vocational, and financial injury.

31.     As a result of the acts of one or more of the defendants, and the breaches of the duties owed to the plaintiff by the defendants, MILLER was subjected to unlawful harassment and intimidation; unlawful detention and false and unlawful arrest; illegal search; unlawful and false placement in handcuffs in the back seat of an unmarked police patrol vehicle; false imprisonment; embarrassment and humiliation before his brother; public embarrassment, humiliation, and vocational discipline; and plaintiff suffered violations of his civil rights under New York State and Federal Law and the New York State and United States Constitutions.

32.     Plaintiff was required to incur legal expenses in order to properly and adequately defend against these false charges, and lost time and wages from his places of employment.

33.     Notice of plaintiff's claims against defendants CITY and POLICE DEPARTMENT, setting forth the nature of the claims, the description of the time, place and manner in which the injuries were sustained by the plaintiff and the name and post office address of the plaintiff and of his attorneys, was presented to the governing body of said defendants on or about May 25, 2012.

34.     The Notice of Claim was filed within the statutory time period for filing said Notice of Claim, provided by New York State General Municipal Law.

35.     At least thirty (30) days have elapsed since service of such Notice of Claim without payment or adjustment of such claim and adjustment or payment thereof has been rejected or refused.

## CAUSES OF ACTION:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:

36.     Plaintiff repeats and realleges paragraphs "1" through "33" above as if fully set forth and restated here.

37.     The acts of defendants described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's civil rights under the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985, and defendant POLICE OFFICERS conspired to deprive plaintiff of such rights.

38.     As a result of these acts, plaintiff has suffered great emotional trauma, physical discomfort, embarrassment; was deprived of his liberty; his personal reputation was impaired; was forced to retain counsel at monetary expense to represent him in criminal proceedings stemming from his illegal arrest; suspended from his employment as a paraprofessional at the

New York City Board of Education and as an employee of the New York City Department of Youth and Community Development's Beacon program; and was required to employ and did employ the undersigned attorney to prosecute this action, thereby becoming obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the defendants.

39.    By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:

40.    Plaintiff repeats and realleges paragraphs "1" through "37" above as if fully set forth and restated here.

41.    In doing the acts and things complained of, defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive plaintiff of civil rights guaranteed to him under the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution and in contravention of the letter and spirit of 42 U.S.C. Sections 1983 and 1985.

42.    As a direct consequence and result of the acts of defendants hereinabove complained of, plaintiff was deprived of his liberty; denied due process of law; and denied equal protection of the law; suffered much anxiety and distress, discomfort, embarrassment and humiliation; was required to spend substantial sums of money for legal representation and other expenses associated with legal proceedings defending himself against criminal charges arising from defendants' illegal acts against him; was suspended from his employment without pay until the resolution of the matter; and was required to divert substantial time, effort and resources from employment and employment opportunities.

43.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE
MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANTS CITY AND POLICE DEPARTMENT:

44.     Plaintiff repeats and realleges paragraphs "1" through "41" above as if fully set
forth and restated here.

45.     Upon information and belief, at all relevant times, the CITY and/or the POLICE
DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a
pattern of actions and/or conduct and/or omissions by its officers designed to and/or to and/or
which had the effect of depriving individuals of their clear rights under the Fourth, Fifth, and
Fourteenth Amendments to the Constitution of the United States.

46.     Upon information and belief, at all relevant times, the CITY and/or the POLICE
DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their
law enforcement agents as to the appropriate and reasonable methods for identifying the
commissions of acts sufficient to justify legal arrest and/or effectuation of legal and reasonable
arrest.

47.     Upon information and belief, at all relevant times, the CITY and/or the POLICE
DEPARTMENT, negligently and/or intentionally acted under color of state law, engaged in a
pattern and practice and/or sanctioned a pattern and practice of actions and/or conduct by its
officers designed to and/or conduct by its officers designed to and/or which had the effect of
depriving individuals of their clear rights under the Fourth, Fifth, and Fourteenth Amendments to
the Constitution of the United States.

48.     Upon information and belief, at all relevant times, the CITY and/or the POLICE
DEPARTMENT, negligently and/or intentionally failed to properly train and/or supervise their

law enforcement agents as to the appropriate and reasonable methods for identifying the commissions of acts sufficient to justify legal arrests and/or effectuation of legal and reasonable arrests.

49.     Based upon the foregoing, one and/or more of the above municipalities are vicariously liable for the violations of plaintiff's constitutional rights by one and/or more of its/their respective employees.

50.     Based upon the foregoing, one or more of the above-named defendants violated 42 U.S.C. Section 1983, given that these actions were undertaken under color of state law.

51.     That as a direct and proximate result of the unconstitutional acts described above, the plaintiff has been injured, and hereby demands the sum of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION, AGAINST DEFENDANTS OFFICER MARTINEZ, OFFICER JEFFERSON, and OFFICER JOHN DOE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

52.     Plaintiff repeats and realleges paragraphs "1" through "49" above as if fully set forth and restated here.

53.     Defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ jointly and severally intentionally engaged in behavior that harassed and intimidated the plaintiff and falsely detained, arrested, and charged plaintiff maliciously and in a manner that was extreme, outrageous, unjustified, and done with actual malice and wanton indifference to and deliberate disregard for the civil rights of plaintiff, causing plaintiff to suffer physical and emotional distress for which said defendants are individually liable.

54.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION,
## AGAINST DEFENDANTS CITY AND POLICE DEPARTMENT:

55.     Plaintiff repeats and realleges paragraphs "1" through "52" above as if fully set forth and restated here.

56.     At all times relevant hereto, defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ were acting within the scope of their employment as officers of the POLICE DEPARTMENT of the CITY.

57.     The defendants CITY and POLICE DEPARTMENT are liable for compensatory damages under the doctrine of *respondeat superior* for the intentional torts of defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ committed within the scope of their employment.

58.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION,
## AGAINST ALL DEFENDANTS FOR NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS:

59.     Plaintiff repeats and realleges paragraphs "1" through "56" above as if fully set forth and restated here.

60.     One and/or more of the above named defendants, through gross negligence, negligence and carelessness, caused plaintiff to be wrongfully detained, arrested, searched, and interrogated. This conduct resulted in unreasonable physical and emotional harm to the plaintiff.

61.     Upon information and belief, the defendants, CITY and/or POLICE DEPARTMENT knew or should have know that the defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ were wrongfully detaining and/or interrogating the plaintiff, yet they failed to act.

62. This conduct on the part of the defendants constitutes negligent infliction of emotional distress.

63. That as a direct and proximate result of the acts described above, the plaintiff has been irreparably injured, and hereby demands the sum of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A SEVENTH CAUSE OF ACTION, AGAINST DEFENDANTS<br>CITY AND POLICE DEPARTMENT FOR NEGLIGENCE:**

64. Plaintiff repeats and realleges paragraphs "1" through "61" above as if fully set forth and restated here.

65. Defendant CITY and POLICE DEPARTMENT owed plaintiff a duty to properly and adequately train, monitor, supervise and otherwise control their police officers in the exercise of police functions.

66. Defendants CITY and POLICE DEPARTMENT failed to provide proper and adequate training, supervision, and control of defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ, which failure constitutes negligence.

67. As a proximate course of the said negligence of CITY and POLICE DEPARTMENT, plaintiff sustained the injuries and violations of his rights as aforesaid.

68. Said negligence constituted a willful and wanton indifference and deliberate disregard for the rights of private citizens, including plaintiff.

69. By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR AN EIGHTH CAUSE OF ACTION,<br>AGAINST MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ:**

70.     Plaintiff repeats and realleges paragraphs "1" through "67" above as if fully set forth and restated here.

71.     Defendants MARTINEZ, JEFFERSON, WINFIELD, and ORTIZ used criminal process against plaintiff in order to harass him and in order to cover up their own wrongdoing and to avoid civil liability for their own acts relating to intimidating the plaintiff, and wrongfully taking him into custody by force without warrant or probable cause that any crime had been committed.

72.     Said defendants falsely arrested and falsely imprisoned plaintiff.

73.     As a proximate result of this malicious abuse of process, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

74.     By reason of the foregoing, plaintiff seeks and award of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A NINTH CAUSE OF ACTION FOR
<u>PUNITIVE DAMAGES AGAINST ALL DEFENDANTS</u>:**

75.     Plaintiff repeats and realleges paragraphs "1" through "72" above as if fully set forth and restated here.

76.     The acts, conduct, and behavior of the defendants, and each of them, were performed knowingly, intentionally, maliciously, and conspiratorially, and were so egregious as to shock the conscience.

77.     By reason of the foregoing, plaintiff is entitled to an award of punitive damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR A TENTH CAUSE OF ACTION FOR
<u>ATTORNEY'S FEES AGAINST ALL DEFENDANTS</u>:**

78.     Plaintiff repeats and realleges paragraphs "1" through "75" above as if fully set forth and restated here.

79.     By reason of the foregoing, plaintiff is entitled to an award of reasonable attorneys' fees, pursuant to 42 U.S.C. Section 1988.


**WHEREFORE**, plaintiffs demand judgment against the defendants as follows.

A.     On the First Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

B.     On the Second Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

C.     On the Third Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

D.     On the Fourth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

E.     On the Fifth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

F.     On the Sixth Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

G.     On the Seventh Cause of Action, the sum of ONE MILLION DOLLARS ($1,000,000.00);

H.     On the Eighth Cause of Action, the sum of FIVE MILLION DOLLARS ($5,000,000.00);

I.     On the Ninth Cause of Action, reasonable attorney' fees;

J.     Costs and disbursements; and,

K.     An Order granting such other and further relief as deemed just and proper by this Court.

Dated: Woodbury, NY
       July 1, 2014

Yours, etc.

_____
DANIEL JUSTUS SOLINSKY (DS-0530)
SALENGER, SACK, KIMMEL, & BAVARO, LLP
Attorneys for Plaintiffs
180 Froehlich Farm Blvd.
Woodbury, New York 11797
(516) 677-0100

16

CV-14-1145 (KAM)(VVP)
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

VINCENT T. MILLER,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK
CITY POLICE OFFICER LUIS MARTINEZ, NEW YORK CITY POLICE OFFICER RICHARD
ORTIZ,  NEW YORK CITY POLICE OFFICER TARRELL JEFFERSON, AND NEW YORK
CITY POLICE OFFICER TARRELL WINFIELD,

       Defendants.

---

## SECOND AMENDED COMPLAINT WITH JURY DEMAND

---

## SALENGER, SACK, KIMMEL & BAVARO
*Attorneys for Plaintiff*
**180 Froehlich Farm Boulevard**
**Woodbury, New York 117971**
**(516) 677-0100**

---

TO: